R. M. WARMOTH *v.* N. B. TOBIN.

[Abstract Kentucky Law Reporter, Vol. 6—586.]

**Adverse Possession.**

> While open adverse possession of real estate under color of title
> for fifteen years will give good title, one claiming title under such
> adverse possession must be able to show satisfactorily that such
> land has been uninterruptedly in his possession during such time.

APPEAL FROM MEADE CIRCUIT COURT.

February 4, 1885.

OPINION BY JUDGE LEWIS:

Appellant brought this action July 1, 1880, to recover of appellee
about four acres of land alleged to be included in the boundary of a
tract of about seventy acres conveyed to him by Caldwell by deed
made in 1876.

For his defense appellee denies appellant's title and says that in
1867 a deed was under judgment, rendered in an action mentioned,
made to him for a tract of —————— acres of land the boundary
of which likewise covers the land in dispute, and that he and
those under whom he claims have had the continuous and adverse
possession thereof for more than fifteen years next before the
commencement of this action.

In 1826 Blight and Darby conveyed to Coleman Brandenburg a
large tract of land which the latter subsequently divided into lots
and conveyed to different persons. One of these lots, being the
70 acres mentioned, was in 1839 conveyed to one White, and by
successive deeds the title is now in appellant. And in 1832 Brandenburg conveyed another one of the lots to one Frakes, from
whom appellee derived title to the tract conveyed to him by the commissioner of court.

It also satisfactorily appears that appellant and those under whom
he claims had the continuous adverse possession of the 70 acres

to the extent of the boundary thereof for more than fifteen years before the purchase by appellee of the other tract in 1867.

It is therefore obvious that the defense by appellee of want of title in appellant does not avail.

The first question about which there can be any controversy is one boundary.

The second corner of the 70 acres according to the deed from Brandenburg to White is a white oak, corner of the Frakes tract, which seems not to be disputed by either party. From that corner the call is with Joseph Brown's line, S. 2 East (originally South) 48 poles to three white oaks, one of Brown's corners; thence S. 62 East (formerly 60°) with another of said Brown's lines, 115 poles to a stake.

The corresponding calls in the deed from Brandenburg to Frakes made in 1832, and in the deed from Frakes to Brown made in 1837, and is as follows: From a white oak, North 60 W. 170 poles to 3 white oaks; thence due North 48 poles to 2 white oaks in Lovelace's line.

It being thus apparent that the calls in the two deeds from Brandenburg to Frakes and White are substantially the same when they adjoin, the simple question is where according to the calls the division line is.

If the course and distance from the white oak according to the White deed, or 2 white oaks according to the Frakes deed, marked on the Processioner's plat as No. 2, be run due South 48 poles; thence South 60 East 115 poles to No. 3 on the plat, the land in dispute will be inside the boundary of the 70 acres conveyed by Brandenburg to White and now owned by appellant. But the calls of the deed from the commissioner to appellee made in 1867 is from a stake South 52 instead of 48 poles to a stake; S. 59 E. instead of 60°. And thus run it leaves the land in dispute inside the boundary of appellee's tract.

Under an order of the County Court and upon the motion of appellant the 70 acres was, in January, 1880, processioned after due notice, and it appears that the two lines were run by the processioners as follows: From a stone and post oak pointer, corner to the Tobin tract, which is the Frakes tract; South 0° 30″ E. 48 poles to a stone, another of Tobin's corners; thence S. 60 E. 115 poles to a stone. But according to the survey of Smith made

under order of court in this case, April 26 and 27, 1881, the two lines were run, S. 0° 15″ E. 45 poles to a stone; thence S. 57¼ E. 115 poles to a stake or stone.

There is no reason shown why the calls of the original deed form Brandenburg to Frakes should be departed from as respects either course or distance. For no marked lines or corners variant from the calls in the deed are proved, nor does it appear that there should be a variation in order to close either survey. Nor does the surveyor, Smith, explain why in surveying the 70 acres in April, 1881, he ran the second line S. 57¼ E., which in January, 1880, he ran S. 60 E.

The boundary fixed by the processioners is prima facie, the true boundary and in absence of evidence to the contrary should be so adjudged by the court unless the plea of limitation be sustained. The only question then left is whether appellee had the actual adverse possession of the land in dispute long enough before the action was commenced to bar a recovery by appellant.

The testimony given by the appellee himself is by no means conclusive that the land in controversy was actually enclosed fifteen years before the commencement of the action.

He stated in his deposition, which was taken after the commencement of the action, that he had then known the tract of land about sixteen years, and further that he knew the land in dispute has been under fence for about sixteen years, about one and one-fourth acres having been cleared since that time. He does not offer any other evidence as to the length of time the land in dispute had been in possession of those under whom he claims besides his own and that of one other witness.

He files no deed to his immediate vendor, nor does it appear that until the Commissioner's deed to him was made in 1867 that any change had been made in the boundary of the land from that contained in the original deed from Brandenburg to Frakes. He does not attempt to show by a survey of the entire boundary of the Frakes tract that the disputed line would be different from the calls of the original deed, but relies alone upon the calls in the Commissioner's deed without any evidence whatever that any one before him ever claimed according to that boundary.

So far as this record shows he is the first and only owner of the Frakes tract of land who ever did claim that the line from ap-

pellant's second corner extended beyond 48 poles. It is therefore a reasonable conclusion that until he got possession under his deed in 1867 no one ever enclosed or claimed land beyond 48 poles from appellant's second corner. At least there should be more certain and satisfactory evidence than appellee has given, or from his knowledge of the land he appears able to give, as to the length of time the land in dispute has been enclosed before it is determined his plea of limitation ought to be sustained.

The other witness introduced by him likewise fails to state with certainty how long the four acres in controversy had been enclosed. He says that when he went there 14 or 15 years before he gave his deposition, which was after appellee purchased the land in 1867, a portion of the four acres was under fence.

On the other hand a witness who at one time lived on and owned the Frakes tract adjoining the 70 acres for about two years testifies that about the time he sold the land a survey was made, and the dividing line between the two tracts fixed about where the processioners located them, which survey was made about 22 years before the witness testified, and at the instance of the person who then held title to the Frakes tract.

In our opinion appellee has failed to show satisfactorily that the land in dispute was ever claimed or in the adverse possession of any person owning the Frakes tract before he purchased at the Commissioner's sale in 1867, and that appellant is entitled to judgment for the recovery of the land in dispute and fixing the division line as established by the processioners.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*C. C. Fairleigh,* for appellant.

[Cited, *Crouch v. Wainscott,* 122 Ky. 107, 28 Ky L. 1030, 91 S. W. 289.]